UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY BLUM,<br><br>        Plaintiff,<br><br>  v.<br><br>AMERICAN MEDICAL SYSTEMS, INC.; AMERICAN MEDICAL SYSTEMS HOLDINGS, INC.; ENDO PHARMACEUTICALS, INC.; ENDO PHARMACEUTICALS HOLDINGS, INC.; ENDO HEALTH SOLUTIONS, INC.; CALDERA MEDICAL, INC.; and DOES 1-200;<br><br>        Defendants. | No. 2:15-cv-01033-GEB-KJN<br><br>**ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE; FED. R. CIV. P. 4(M) NOTICE** |

        The May 13, 2015, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on August 3, 2015, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The May 13, 2015 Order further required a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

        Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than August 7, 2015, why sanctions should not be imposed against her and/or her counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response

1

shall also state whether Plaintiff or her counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on October 26, 2015, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

Further, Plaintiff is notified under Rule 4(m) of the Federal Rules of Civil Procedure that failure to serve each Defendant with process within the 120 day period prescribed in that Rule may result in the unserved defendant(s) and/or this action being dismissed. To avoid dismissal, on or before September 11, 2015, Plaintiff shall file proof of service for each defendant or a sufficient explanation why service was not completed within Rule 4(m)'s prescribed service period.

IT IS SO ORDERED.

Dated: July 28, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).

2